UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLYS CASSAMAJOR,

     Plaintiff,

v.                             Case No. 8:25-cv-102-TPB-CPT

PLANET FITNESS, and JOHN
AND JANE DOE EMPLOYEES,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Before me on referral is pro se Plaintiff Willys Cassamajor's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion).  Also before me is Cassamajor's complaint against Defendant Planet Fitness, which Cassamajor describes as "[a] national gym franchise," and certain personnel at Planet Fitness, who Cassamajor denominates as "John and Jane Doe Employees." (Doc. 1).  For the reasons discussed below, I respectfully recommend that Cassamajor's IFP motion (Doc. 2) be denied without prejudice and that his complaint (Doc. 1) be dismissed with leave to amend.

I.

This action appears to stem from discrimination that staff at Planet Fitness purportedly carried out against Cassamajor in December 2024 while he was a member

of the gym. (Doc. 1). According to Cassamajor, this discrimination included Planet Fitness workers falsely accusing him of "unpaid billing and address discrepancies," denying him "equal access to services," impeding his ability to use the gym, treating him differently from other customers, and laughing at him in a manner that was "intended to humiliate and demean" him. *Id.* Cassamajor further avers that this behavior caused him to experience "severe anxiety and depression" and resulted in him being hospitalized and seeking "ongoing group therapy." *Id.*

Based upon these allegations, Cassamajor asserts a claim for discrimination at a place of public accommodation under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (Title II), as well as state law claims for negligence and intentional infliction of emotional distress. *Id.* For relief, Cassamajor requests compensatory damages in the amount of $5 million, along with an injunction requiring Planet Fitness "to implement proper training" and to "address the [above averred] discriminatory conduct." *Id.*

In his IFP Motion, Cassamajor represents that he is employed, earns approximately $1,500 per month, and has no assets. (Doc. 2). Cassamajor also represents that his monthly expenses total approximately $1,680 and that he has a three-year-old son who relies on him for support. *Id.*

## II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a

showing of indigency by affidavit.  28 U.S.C. § 1915(a)(1).  The court has "wide discretion" to grant or deny an application to proceed in forma pauperis.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted).  While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs," as well as to provide the "necessities for himself and his dependents."  *Id.* at 1307 (internal quotation marks and citation omitted).  In assessing whether a litigant is indigent, "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he] may possess."  *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, the district court must also review and dismiss a plaintiff's complaint sua sponte if it determines that the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In addition, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted).

3

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while pro se pleadings are to be construed liberally, courts are not to "act as de facto counsel" for unrepresented litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Cassamajor qualifies as indigent for purposes of section 1915, his complaint is fatally flawed because, at a minimum, it does not abide by the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10 and because his sole federal claim alleging discrimination under Title II fails to state a claim upon which relief may be granted. I will address each of these infirmities in turn.

A.

Rule 8 mandates, in relevant part, that a complaint contain "a short and plain statement of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly instructs that a complaint "state its claims . . . in numbered

4

paragraphs, each limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity," that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation marks and citation omitted). Complaints that violate the strictures of Rules 8 and 10 "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriffs Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Cassamajor's complaint does not meet these pleading standards. To begin, Cassamajor "incorporates all preceding paragraphs" in each of his counts. (Doc. 1). This drafting approach, in which every antecedent allegation is deemed to be included in the following count, renders a complaint to be an impermissible shotgun pleading. *See Weiland*, 792 F.3d at 1321 (observing that "[t]he most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"); *see also Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. July 16, 2019) (per curiam) ("We've repeatedly condemned shotgun pleadings, since '[p]leading claims in this fashion imposes a heavy burden on the trial court, for

it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts.'") (quoting *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); *Peraza v. Portfolio Recovery Assocs., LLC*, 2019 WL 13234107, at *2 (S.D. Fla. May 13, 2019) (dismissing a complaint which the court characterized as "the quintessential 'shotgun' pleading[,] in that each count, except [one], improperly incorporate[d] by reference all prior allegations" and collecting cases).

Cassamajor's complaint suffers from another defect as well. Although Cassamajor identifies both Planet Fitness and "John and Jane Doe Employees" as Defendants in the caption of his complaint, he only vaguely refers throughout his pleading to either "Defendant" or "Defendant's employees," without clarification. (Doc. 1). As a result, it is not evident which factual averments in Cassamajor's complaint relate to which Defendant. *Weiland*, 792 F.3d at 1323 (finding complaints subject to dismissal where they assert multiple claims against multiple defendants without specifying the defendants against whom each of the claims is brought).

Taken singularly or in combination, these pleading deficiencies deprive both the Defendants and the Court of "fair notice" regarding the nature of the claims directed at the Defendants and the averments upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3 (citation omitted); *see also Weiland*, 792 F.3d at 1323 (observing that the "[t]he unifying characteristic" of complaints that do not satisfy Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which

each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). Cassamajor's complaint is subject to dismissal on this basis alone. *See Embree*, 779 F. App'x at 662; *Peraza*, 2019 WL 13234107, at *1–2; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (noting that the Eleventh Circuit has castigated "shotgun pleadings time and again" and has ruled repeatedly that district courts "retain[ the] authority to dismiss a shotgun pleading on that basis alone") (citation omitted). The fact that Cassamajor is proceeding pro se does not excuse his non-compliance with the dictates of Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although pro se complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings.") (internal citation omitted); *Simpson v. Recksiedler* , 2025 WL 959158, at *6 n.8 (M.D. Fla. Mar. 31, 2025) (stating that it is a pro se plaintiff's "responsibility to ensure that [his] . . . complaint . . . complies with all applicable pleading requirements and procedural rules") (citing *Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007) (per curiam)).

## B.

Independent of these pleading issues, Cassamajor does not plausibly allege a Title II claim for discrimination at place of public accommodation. Title II provides, in pertinent part:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).  To prevail on a claim for public accommodation discrimination pursuant to Title II, a plaintiff must demonstrate that he:

> (1) is a member of a protected class, (2) attempted to contract for services and afford himself the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his protected class who received full benefits or were treated better.

*Smith v. Waffle House Inc.*, 2023 WL 4686235, at *3 (N.D. Ga. July 21, 2023) (citation omitted); *see also Benton v. Cousins Props., Inc.*, 230 F. Supp. 2d 1351, 1382 (N.D. Ga. 2002) (same) (citation omitted), *aff'd*, 97 F. App'x 904 (11th Cir. 2004) (per curiam).

In addition to these requirements, a plaintiff must show that the entity at issue constitutes a place of "public accommodation" covered by Title II.  Such establishments are listed in Title II and consist of the following:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b). "[C]ategories of establishment" that are not identified in Title II fall outside of its scope. *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006).

Lastly, along with the above conditions, a plaintiff bringing a Title II claim must first exhaust any available state or local administrative remedies by providing thirty days' written notice to the "appropriate [s]tate or local authority." *See* 42 U.S.C. § 2000a-3(c) (stating that if a state or local law prohibits the alleged discriminatory act and a state or local agency has authority to grant relief from the discriminatory act, no civil action can be brought until thirty days after the appropriate authority has been given written notice of the discriminatory act). In Florida, "[t]he Florida Civil Rights Act prohibits an individual from being denied access to places of public accommodation based on race, and the Florida Commission on Human Relations [(FCHR)] is charged with investigating complaints made pursuant to the Florida Civil Rights Act." *See Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.3 (11th Cir. 2017) (per curiam) (citing Fla. Stat. §§ 760.03, 760.06, 760.08, 760.11). Importantly, however, even if a plaintiff properly notifies the FCHR and succeeds on his public

accommodations claim, the only remedy available to him is injunctive relief.  42 U.S.C. § 2000a-3.

Here, even assuming that Planet Fitness qualifies as a place of public accommodation under Title II,[1] there are several problems with Cassamajor's Title II claim.  As an initial matter, he does not aver that he provided the requisite thirty days' written notice to the FCHR.  *See* (Doc. 1).  Nor does it seem that Cassamajor could have satisfied this requirement, given that the alleged events at Planet Fitness transpired in late December 2024 and he filed his complaint in this action less than thirty days later, in mid-January 2025.  *See id*; *see also Strober*, 701 F. App'x at 913 (ruling that the plaintiff failed to state a claim under Title II because, among other reasons, she did not exhaust her administrative remedies).[2]

Moreover, other than proclaiming that Title II "prohibits discrimination on the basis of race," Cassamajor does not aver that he is a member of a protected class.  *See*

---

[1] *See Johnson v. Planet Fitness*, 2023 WL 2814622, at *2 (D. Utah Apr. 6, 2023) (suggesting that the plaintiff who sued Planet Fitness could state a claim pursuant to Title II by alleging he was a "victim of harassment, racial discrimination, and cruel and unusual punishment" at the gym).

[2] Several courts in Florida have found that a plaintiff cannot cure a failure to notify the FCHR before filing suit by supplying post-suit notice and then amending his complaint. *See, e.g., Zinman v. LA Fitness Int'l LLC*, 2021 WL 2530271, at *4–7 (S.D. Fla. June 21, 2021) (dismissing a Title II claim in part because the plaintiff did not exhaust his administrative remedies prior to filing suit, which meant that any amendment to his complaint would be futile), *aff'd in part, appeal dismissed in part*, 2022 WL 8019384 (11th Cir. Oct. 14, 2022) (per curiam); *Johnson v. Publix Super Markets, Inc.*, 2022 WL 18231487, at *4 (S.D. Fla. Dec. 27, 2022) (characterizing leave to amend a Title II claim as futile because the plaintiff could not "allege a cognizable claim under Title II without alleging that he exhausted all administrative remedies and provided adequate pre-suit notice"), *report and recommendation adopted*, 2023 WL 158186 (S.D. Fla. Jan. 11, 2023); *Peters v. Cheval Golf & Athletic Club, LLC*, 2022 WL 88197, at *5 (M.D. Fla. Jan. 7, 2022) ("Post-suit notice . . . is irrelevant to whether the [plaintiff] satisfied . . . [Title II's] pre-suit notice requirement.").

42 U.S.C. § 2000a(a) (defining the protected classes as race, color, religion, or national origin); *see also Ferguson v. McDonald's*, 2024 WL 4442034, at *4 (M.D. Ga. Oct. 8, 2024) (dismissing a Title II claim where the plaintiff did not allege, *inter alia*, "that he was a member of a protected class") (citations omitted), *report and recommendation adopted*, 2024 WL 4844374 (M.D. Ga. Nov. 20, 2024).  Furthermore, Cassamajor offers only barebones, conclusory assertions that the Defendants' actions were motivated by race and that the Defendants treated him "differently from other customers."  *See Thomas v. Murphy Oil Corp.*, 777 F. App'x 377, 380 (11th Cir. 2019) (per curiam) (finding that the plaintiff did not state a claim under Title II where he averred "no facts from which a factfinder could infer reasonably that [the p]laintiff's mistreatment was motivated by racial animus or that [the p]laintiff was treated less favorably than similarly situated non-African American customers"); *Zinman*, 2021 WL 2530271, at *6 (concluding that the plaintiff failed to state a Title II claim because his complaint was devoid of "any facts" buttressing "his claim that [the d]efendant's facial covering policy was selectively enforced against Jewish gym members"); *Floyd v. Saber Fitness Hegenberger*, 2024 WL 2971669, at *9 (N.D. Cal. June 11, 2024) (rejecting a Title II claim because "other than stating that he [was] African American, [the plaintiff did] not adequately allege[ ] that [the defendant's] actions were motivated by his race").

Compounding these shortcomings is the fact that Cassamajor seemingly requests compensatory damages as part of his Title II claim.  (Doc. 1).  As explained previously, the only remedy available under Title II is injunctive relief.  *See* 42 U.S.C.

§ 2000a-3(a); *see also Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 401–02 (1968) (per curiam) ("A title II suit is . . . private in form only.  When a plaintiff brings an action under [Title II], he cannot recover damages.").

Each of these flaws with Cassamajor's Title II claim provide further grounds for dismissing his entire complaint.  This is because—as noted above—Cassamajor's Title II claim serves as the sole basis for the Court's subject matter jurisdiction.  *Arnold v. Tuskegee Univ.*, 212 F. App'x 803, 811 (11th Cir. 2006) (per curiam) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims.") (citation omitted).  That said, I respectfully submit that the dismissal of Cassamajor's complaint should be without prejudice so he has the option of trying to address these issues.  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) ("Generally, [w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation marks and citation omitted).

If Cassamajor elects to file a revised complaint, however, I encourage him to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so.  Cassamajor may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the opportunity to solicit free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Cassamajor may review the materials that the Middle District of Florida makes available to pro se parties, which include a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

IV.

For the reasons set forth above, I respectfully recommend that the Court:

1.      Deny Cassamajor's IFP Motion (Doc. 2) without prejudice;

2.      Dismiss Cassamajor's complaint (Doc. 1) without prejudice;

3.      Grant Cassamajor leave to file, within thirty (30) days of the Court's Order, an amended complaint that adequately pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4.      Caution Cassamajor that a failure to adhere to these directives may result in the dismissal of his case without further notice.

Respectfully submitted this 17th day of April 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives

that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

conclusion(s) the District Judge adopts from the Report and Recommendation.  *See*

11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies to:
Honorable Thomas P. Barber, United States District Judge
Pro se Plaintiff